UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
WARREN ALBERT, D.C., and
NY CHIROPRACTIC CARE, P.C.,

        Plaintiffs,

  -against-　　　　　　　　　　　**MEMORANDUM AND ORDER**
　　　　　　　　　　　　　　　　　　　13-CV-4542 (FB) (RML)

KATHLEEN SEBELIUS, in her official
capacity as Secretary of the United States
Department of Health and Human Services,
and the UNITED STATES
DEPARTMENT OF HEALTH AND
HUMAN SERVICES,

        Defendants.
---------------------------------------------------x

*Appearances:*
| For the Plaintiffs: | For the Defendants: |
|---|---|
| JASON HSI | KATHLEEN ANNE MAHONEY |
| ROY W. BREITENBACH | United States Attorneys Office |
| Garfunkel Wild P.C. | Eastern District of New York |
| 111 Great Neck Road, Suite 503 | 271 Cadman Plaza East |
| Great Neck, NY 11021 | Brooklyn, NY 11201 |

**BLOCK, Senior District Judge:**

      Plaintiff Warren Albert, D.C. ("Dr. Albert"), a chiropractor licensed in New York and New Jersey, seeks judicial review of the final decision of the Secretary of the United States Department of Health and Human Services ("Secretary"), which determined that he is liable to Medicare for approximately $575,000 because he provided inadequate documentation of his medical services. The Council's decision

hinged upon its interpretation of the documentation requirements contained in a "local coverage determination" ("LCD") issued by National Government Services ("NGS"). Both parties now move pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings and on the extensive administrative record.

The parties agree that the Court reviews the Council's factual findings for substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the [Secretary] as to any fact, if supported by substantial evidence, shall be conclusive."). However, the parties do not address what standard of review the Court should apply to the Council's *legal* interpretation of the documentation requirements contained in the LCD. This is a question of some complexity, since "in cases such as those involving Medicare or Medicaid, in which [Centers of Medicare and Medicaid Services], a highly expert agency[,] administers a large complex regulatory scheme in cooperation with many other institutional actors, the various possible standards for deference – namely, *Chevron* and *Skidmore* – begin to converge." *Estate of Landers v. Leavitt,* 545 F.3d 98, 107 (2d Cir. 2008) (internal quotation marks omitted) (quoting *Cmty. Health Ctr. v. Wilson-Coker*, 311 F.3d 132, 138 (2d Cir. 2002)).

Accordingly, the Court requests supplementary briefing and oral argument on two questions: (1) What level of deference should the Court apply to the Medicare Appeals Council's interpretation of the relevant LCD? (2) Should the Court defer to

the Council's interpretation in this case?  Written submissions are due by March 30, 2015.  Oral argument is scheduled for April 17, 2015, at 11:00 a.m..

**SO ORDERED.**

/s/ Frederic Block\
FREDERIC BLOCK\
Senior United States District Judge

Brooklyn, New York\
January 30, 2015